IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE BARNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| Individually, HOME DEPOT U.S.A., | ) | |
| INC. doing business as, THE HOME | ) | |
| DEPOT, HOME DEPOT PRODUCT | ) | |
| AUTHORITY, LLC, HOME DEPOT | ) | |
| SPECIAL SERVICES, INC., GLENN | ) | |
| WALTERS NURSERY, INC., (an | ) | |
| Oregon Corporation), Individually, | ) | |
| GLENN WALTERS NURSERY, INC. | ) | |
| doing business as NHI | ) | |
| PROPERTIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Home Depot U.S.A., Inc., sued individually and as, Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., hereinafter collectively referred to as "Home Depot," having obtained consent from Glenn Walters Nursery, Inc. (hereinafter "Glenn Walters"), sued as, Glenn Walters Nursery, Inc. Individually and doing business as NHI Properties, Inc., hereby remove Case No. 2015-L-011467, from the Circuit Court of Cook County, Illinois to the United States District Court, Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1332, 1441 and 1446, and as grounds for its removal state as follows:

## STATEMENT OF THE CASE

1. On November 10, 2015, Plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois, Case No. 2015-L-011467 (the "State Court Action"). Home Depot, a foreign corporation, and Glenn Walters, a foreign corporation, are named defendants in the State Court Action. Pursuant to the provisions of §§1441 and 1446 of Title 28 of the United States Code, Home Depot removes the State Court Action to the United States District Court for the Northern District of Illinois, Eastern Division, which is the judicial district and division embracing the place in which this action is pending.

2. In the Complaint, Plaintiff alleges that she sustained injuries when she was shopping the garden section of a Home Depot store. She alleges that a dangerous condition caused her to fall.

3. Upon information and belief, and based on communications taking place prior to the Plaintiff's filing of the lawsuit, the Plaintiff will claim more than $300,000 in medical expenses that are allegedly related to the fall, and will seek far in excess of $75,000 for her total compensation in this lawsuit.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332 (a)

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000, exclusive of interest and costs, is at stake.

5. Upon information and belief, Plaintiff, SUZANNE BARNUM, is a citizen of Illinois, and resides in Plainfield, Illinois.

6. Defendant, Home Depot U.S.A., Inc., was and is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of Georgia.

7. Defendant, Home Depot Special Services, Inc., was and is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in Georgia. Home Depot Special Services, Inc. is a wholly-owned subsidiary of Home Depot U.S.A., Inc.

8. Defendant Home Depot Product Authority, LLC was and is a LLC. Home Depot Product Authority, LLC has one member: The Home Depot, Inc. The Home Depot, Inc. is a corporation organized and existing under the laws of the state of Delaware and maintains its principal place of business in the State of Georgia.

9. Upon information and belief, Defendant Glenn Walters Nursery, Inc. was and is a corporation organized and existing under the laws of the State of Oregon, and also has its principal place of business in Oregon.

10. Therefore, there is complete diversity between Plaintiff and Defendants in this action.

11. Plaintiff alleges that she suffered injuries. On September 16, 2015, Plaintiff's counsel sent a letter to representatives for the Defendants in which he stated that the Plaintiff's medical expenses as a result of the injuries were in excess of $300,000. (See **Exhibit A**, attached hereto). Based on these circumstances, it is the Home Depot's good faith belief that the amount in controversy, exclusive of interest and costs, exceeds

the sum or value of $75,000. Thus, the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

**ALL PROCEDUREAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

12. On December 8, 2015, counsel for Home Depot spoke with a representative acting for Glenn Walters and obtained its consent to remove this case.

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action which have been served upon Removing Defendants are being file with this Notice of Removal. See Summons and Plaintiff's Complaint at Law, attached hereto as **Exhibit B**.

14. This Notice of Removal is timely because it was filed in this Court within 30 days of the date that Removing Defendants were served with the summons and the Complaint in this matter and within one year of the commencement of the action. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(b) because the U.S. District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district embracing the Circuit Court for Cook County, Illinois, where the State Court Action was originally filed.

16. By this Notice of Removal, Removing Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Removing Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

**WHEREFORE,** Defendants, Home Depot U.S.A., Inc., sued as Home Depot U.S.A., Inc. doing business as, The Home Depot, Home Depot Product Authority, LLC, Home Depot Special Services, Inc., remove this action from the Circuit Court of Cook County, Illinois to the United States District Court, Northern District of Illinois, Eastern Division.

Dated: December 9, 2015

                              Respectfully submitted,

                              /s/ Benjamin J. Galloway
                              Attorney for Defendant,
                              Home Depot U.S.A., Inc.
                              ARDC No. 6281433
                              Email: bjg@mcveyparsky-law.com

Benjamin J. Galloway
McVey & Parsky, LLC
30 N. LaSalle St.
Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Facsimile: (312) 551-2131

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on December 9, 2015 I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Illinois using the electronic case filing system of the court. The electronic case filing system generated a notice which was sent to all attorneys of record in this matter.

                                        Respectfully submitted,

                                        /s/ Benjamin J. Galloway