

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
CALENDAR: X
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

#3868                                    TJK/M14-642

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SUZANNE BARNUM, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: |
| ) | |
| HOME DEPOT U.S.A., INC. individually, ) | |
| HOME DEPOT U.S.A., INC. doing business as, ) | |
| THE HOME DEPOT, HOME DEPOT PRODUCT ) | |
| AUTHORITY, LLC, HOME DEPOT SPECIAL ) | |
| SERVICES, INC.,GLENN WALTERS ) | |
| NURSERY, INC. (an Oregon Corporation), ) | |
| Individually, GLENN WALTERS NURSERY, ) | |
| INC. doing business as NHI PROPERTIES INC. ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

### COUNT I – General Negligence

Now comes the Plaintiff, Suzanne Barnum, by and through her attorneys, Goldberg, Weisman & Cairo Ltd., and complaining of the Defendants, HOME DEPOT U.S.A, INC. and THE HOME DEPOT, individually, and HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT SPECIAL SERVICES, INC. and each of them, (hereinafter referred to collectively has The Home Depot Defendants) states as follows:

1. That on November 15, 2013 and for some time prior thereto, The Home Depot Defendants, owned, operated, managed, maintained and controlled or contracted to own, operate, manage, maintain and control a certain property located at 3001 Plainfield Road, in the City of Joliet, County of Will, State of Illinois.

1

2. That, in addition to the aforementioned premises, The Home Depot Defendants, also own, operate, manage, maintain, control or contracted to own, operate, manage, maintain and control stores nationwide, including at least a dozen such store locations in Cook County, Illinois.

3. That on or about November 15, 2013, Plaintiff, Suzanne Barnum, was legally and lawfully in the lawn and garden section of The Home Depot Defendant's premises at 3001 Plainfield Road, in the City of Joliet, County of Will and State of Illinois.

4. That at the aforesaid time and place, The Home Depot Defendants, by and through their agents, servants and employees, created and permitted a dangerous and defective condition to exist in or around the home and garden section of said store.

5. That at said time and place, while shopping on the aforesaid premises, the Plaintiff, SUZANNE BARNUM, was caused to fall due to a dangerous creation then and there existing upon the aforesaid area of Defendant's premises.

6. That at the aforesaid time and place, The Home Depot Defendants, by and through its agents servants and employees, had a duty to exercise ordinary care and caution in the maintenance of aforementioned area so as to not cause injury to the Plaintiff.

7. That despite the aforementioned duty, The Home Depot Defendants, by and through their agents, servants and employees, then and there committed one or more of the following careless and negligent acts and/or omissions:

    a. Carelessly, negligently, and improperly operated, managed, controlled, and/or maintained said premises;

    b. Carelessly, negligently and improperly placed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 2 of 8

Exhibit B

c. Carelessly, negligently and improperly allowed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

d. Failed to block off or otherwise prevent Plaintiff from traversing the aforesaid area;

e. Carelessly and negligently failed to warn individuals, including the Plaintiff, of the dangerous condition at aforesaid premises;

f. Allowed and permitted a dangerous condition to exist at the aforesaid premises;

g. Carelessly, negligently and improperly failed to inspect said premises;

h. Carelessly, negligently and improperly failed to remove a pallet jack from a location where it extended into shopping areas or to take remedial measures as were reasonably necessary to prevent injury to the Plaintiff and other persons lawfully thereon;

i. Carelessly and negligently permitted a dangerous condition to remain in an area where it was likely to be encountered by shoppers;

j. Carelessly, negligently and improperly exercised reasonable care to protect those lawfully on the premises;

k. Carelessly and negligently failed to abide by and enforce a rule requiring pallet jacks to be returned to their designated area after use;

l. Was otherwise careless or negligent;

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff, SUZANNE BARNUM, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned.

WHEREFORE, the Plaintiff, SUZANNE BARNUM, prays for judgment against the Defendants, HOME DEPOT U.S.A, INC. and THE HOME DEPOT, individually, and HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT PRODUCT AUTHORITY,

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 3 of 8

LLC, HOME DEPOT SPECIAL SERVICES, INC. and each of them, in an amount of excess of $50,000.00 plus costs.

## COUNT II – Premises Liability

Now comes the Plaintiff, Suzanne Barnum, by and through her attorneys, Goldberg, Weisman & Cairo Ltd., and complaining of the Defendants, HOME DEPOT U.S.A, INC. and THE HOME DEPOT, individually, and HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT SPECIAL SERVICES, INC. and each of them, (hereinafter referred to collectively has The Home Depot Defendants) states as follows:

1-5. Plaintiff restates and realleges paragraphs 1-5 as set forth in Count I of Plaintiff's Complaint at Law.

6. That at said time and place, there existed the Restatement (Second) of Torts, Section 343 that states in pertinent part:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and fails to exercise reasonable care to protect them against the danger."

The Restatement (Second) of Torts, Section 343 has been adopted by the Illinois Supreme Court and Illinois Appellate Court.

7. That at the aforementioned time and place, and prior thereto, there existed a dangerous condition on the property that was owned and under the control of The Home Depot Defendants, where a pallet jack was improperly placed among display items.

8. That at the aforesaid time and place, and prior thereto, The Home Depot Defendants had a duty to exercise reasonable care in the occupancy, possession, management

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 4 of 8

and control of said premises, so as to prevent injury and harm to the Plaintiff, resulting from hazardous conditions and/or unsafe activities taking place at the premises.

9. That despite the aforementioned duty, Defendant, then and there committed one or more of the following careless and negligent acts and/or omissions:

   a. Carelessly, negligently, and improperly operated, managed, controlled, and/or maintained said premises;

   b. Carelessly, negligently and improperly placed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   c. Carelessly, negligently and improperly allowed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   d. Failed to block off or otherwise prevent Plaintiff from traversing the aforesaid area;

   e. Carelessly and negligently failed to warn individuals, including the Plaintiff, of the dangerous condition at aforesaid premises;

   f. Allowed and permitted a dangerous condition to exist at the aforesaid premises;

   g. Carelessly, negligently and improperly failed to inspect said premises;

   h. Carelessly, negligently and improperly failed to remove a pallet jack from a location where it extended into shopping areas or to take remedial measures as were reasonably necessary to prevent injury to the Plaintiff and other persons lawfully thereon;

   i. Carelessly and negligently permitted a dangerous condition to remain in an area where it was likely to be encountered by shoppers;

   j. Carelessly, negligently and improperly exercised reasonable care to protect those lawfully on the premises;

   k. Carelessly and negligently failed to abide by and enforce a rule requiring pallet jacks to be returned to their designated area after use;

   l. Was otherwise careless or negligent;

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 5 of 8

Exhibit B

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff, SUZANNE BARNUM, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned.

WHEREFORE, the Plaintiff, SUZANNE BARNUM, prays for judgment against the Defendants, HOME DEPOT U.S.A, INC. and THE HOME DEPOT, individually, and HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT SPECIAL SERVICES, INC. and each of them, in an amount of excess of $50,000.00 plus costs.

## COUNT III

Now Comes the Plaintiff, Suzanne Barnum, and complaining of the defendants, GLENN WALTERS NURSERY, INC., and NHI PROPERTIES, INC., individually, and GLENN WALTERS NURSERY, INC. d/b/a NHI PROPERTIES, INC., (collectively referred to hereinafter as the Glenn Walters Defendants) does hereby state as follows

1. That the Glenn Walters Defendants are Oregon corporation(s) specializing in wholesale plant nursery and distribution with principle place of business in Cornelius, Oregon.

2. That on or about November 15, 2013 and sometime prior thereto, the Glen Walters Defendants performed services, including but not limited to, floral delivery and floral displays, for many of the stores owned, operated, managed, maintained and controlled or contracted to own, operate, manage, maintain and control by one or more of The Home Depot Defendants, including the store located at 3001 Plainfield Road, City of Joliet, County of Will, State of Illinois.

Exhibit B

3. That at the aforesaid time and place, the Glenn Walters Defendants, by and through their agents, servants and employees, created and permitted a dangerous and defective condition to exist in or around the home and garden section of the aforesaid premises.

4. That it then and there became the duty of the Glenn Walters Defendants to exercise care and caution so as not to cause injury to the Plaintiff, Suzanne Barnum.

5. That at said time and place, while shopping on the aforesaid premises, the Plaintiff, SUZANNE BARNUM, was caused to fall due to a dangerous creation existing at that time.

6. That despite the aforementioned duty, the Glenn Walters Defendants, by and through their agents, servants and employees, then and there committed one or more of the following careless and negligent acts and/or omissions:

   a. Carelessly, negligently and improperly placed equipment, specifically a pallet jack, in an area which the Glenn Walters Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   b. Carelessly, negligently and improperly allowed equipment, specifically a pallet jack, in an area which the Glenn Walters Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   c. Failed to block off or otherwise prevent Plaintiff from traversing the aforesaid area;

   d. Carelessly and negligently failed to warn individuals, including the Plaintiff, of the dangerous condition at aforesaid premises;

   e. Allowed and permitted a dangerous condition to exist at the aforesaid premises;

   f. Carelessly, negligently and improperly failed to warn or otherwise notify any or all of The Home Depot defendants of said condition;

   g. Carelessly, negligently and improperly failed to remove a pallet jack from a location where it extended into shopping areas or to take remedial measures as were reasonably necessary to prevent injury to the Plaintiff and other persons lawfully thereon;

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 7 of 8

h. Carelessly and negligently permitted a dangerous condition to remain in an area where it was likely to be encountered by shoppers;

i. Carelessly, negligently and improperly exercised reasonable care to protect those lawfully on the premises;

j. Carelessly and negligently failed to abide by and enforce a rule requiring pallet jacks to be returned to their designated area after use;

k. Was otherwise careless or negligent;

7. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff, SUZANNE BARNUM, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned.

WHEREFORE, the Plaintiff, SUZANNE BARNUM, prays for judgment against the Defendants, GLENN WALTERS NURSERY, INC., and NHI PROPERTIES, INC., individually, and GLENN WALTERS NURSERY, INC. d/b/a NHI PROPERTIES, INC., and each of them, in an amount of excess of $50,000.00 plus costs.

Goldberg, Weisman & Cairo, Ltd.

Timothy J. Keiser

Timothy J. Keiser, Esq.
Goldberg, Weisman & Cairo, Ltd.
One East Wacker Drive
Suite 3800
Chicago, Illinois 60601
312/ 464-1200

ELECTRONICALLY FILED
11/10/2015 2:37 PM
2015-L-011467
PAGE 8 of 8

Exhibit B