IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| SUZANNE BARNUM, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:15-cv-11087 |
| | ) | | |
| HOME DEPOT U.S.A., INC., | ) | | |
| Individually, HOME DEPOT U.S.A., | ) | | |
| INC. doing business as, THE HOME | ) | | |
| DEPOT, HOME DEPOT PRODUCT | ) | | |
| AUTHORITY, LLC, HOME DEPOT | ) | | |
| SPECIAL SERVICES, INC., GLENN | ) | | |
| WALTERS NURSERY, INC., (an | ) | | |
| Oregon Corporation), Individually, | ) | | |
| GLENN WALTERS NURSERY, INC. | ) | | |
| doing business as NHI | ) | | |
| PROPERTIES, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Home Depot U.S.A., Inc., sued individually and as, Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., hereinafter collectively referred to as "Home Depot," by and through their attorneys, McVey & Parsky, LLC, for their Answer and Affirmative Defenses to the Plaintiff's Complaint, hereby state as follows:

### COUNT I – General Negligence

1. That on November 15, 2013 and for some time prior thereto, the Home Depot Defendants, owned, operated, managed, maintained and controlled or

1

contracted to own, operate, manage, maintain and control a certain property located at 3001 Plainfield Road, in the City of Joliet, county of Will, State of Illinois.

**ANSWER:** **Home Depot denies that it owned the property located at 3001 Plainfield Road, Joliet, Illinois. Home Depot admits that it operated a store at that address. The remaining allegations of paragraph 1 are denied as the Plaintiff's conclusions of law.**

2. That, in addition to the aforementioned premises, The Home Depot Defendants, also own, operate, manage, maintain, control or contracted to own, operate, manage, maintain and control stores nationwide, including at least a dozen such store locations in Cook County, Illinois.

**ANSWER:** **The allegations of paragraph 2 lack the specificity necessary to admit or deny. Particularly, the allegation that Home Depot had "…at least a dozen such stores in Cook County, Illinois," is vague and seemingly irrelevant. Without waiving said objection, Home Depot admits that it owned and operated other home improvement stores in Cook County and the Chicagoland area.**

3. That on or about November 15, 2013, Plaintiff, Suzanne Barnum, was legally and lawfully in the lawn and garden section of the Home Depot Defendant's premises at 3001 Plainfield Road, in the City of Joliet, County of Will and State of Illinois.

**ANSWER:** **Home Depot lacks information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 3.**

4. That at the aforesaid time and place, The Home Depot Defendants, by and through their agents, servants and employees, created and permitted a dangerous and defective condition to exist in or around the home and garden section of said store.

**ANSWER:  Home Depot denies the allegations in paragraph 4.**

5. That at said time and place, while shopping on the aforesaid premises, the Plaintiff, SUZANNE BARNUM, was caused to fall due to a dangerous creation then and there existing upon the aforesaid area of Defendant's premises.

**ANSWER:  Home Depot denies that it had any causal relationship with any fall or resulting injuries that may have been suffered by Plaintiff. With regard to the remaining allegations in paragraph 4, Home Depot lacks information necessary to form a belief as to the truth or falsity of those allegations.**

6. That at the aforesaid time and place, The Home Depot Defendants, by and through its agents servants and employees, had a duty to exercise ordinary care and caution in the maintenance of aforementioned area so as to not cause injury to the Plaintiff.

**ANSWER:  Home Depot admits only to those duties imposed upon it under the law. To the extent that the allegations of paragraph 6 do not allege a duty found under the law, Home Depot denies same.**

7. That despite the aforementioned duty, The Home Depot Defendants, by and through their agents, servants and employees, then and there committed one or more of the following careless and negligent acts and/or omissions:

a. Carelessly, negligently, and improperly operated, managed, controlled, and/or maintained said premises;

b. Carelessly, negligently and improperly placed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

c. Carelessly, negligently and improperly allowed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

d. Failed to block off or otherwise prevent Plaintiff from traversing the aforesaid area;

e. Carelessly and negligently failed to warn individuals, including the Plaintiff, of the dangerous condition at aforesaid premises;

f. Allowed and permitted a dangerous condition to exist at the aforesaid premises;

g. Carelessly, negligently and improperly failed to inspect said premises;

h. Carelessly, negligently and improperly failed to remove a pallet jack from a location where it extended into shopping areas or to take remedial measures as were reasonably necessary to prevent injury to the Plaintiff and other persons lawfully thereon;

i. Carelessly and negligently permitted a dangerous condition to remain in an area where it was likely to be encountered by shoppers;

j. Carelessly, negligently and improperly exercised reasonable care to protect those lawfully on the premises;

k. Carelessly and negligently failed to abide by and enforce a rule requiring pallet jacks to be returned to their designated area after use;

l. Was otherwise careless or negligent;

**ANSWER:** **Home Depot denies the allegations contained in paragraph 7, including subparagraphs a. through l.**

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff, SUZANNE BARNUM, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned.

**ANSWER:  Home Depot denies the allegations contained in paragraph 8.**

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

## COUNT II – Premises Liability

1. – 5.  Plaintiff restates and realleges paragraphs 1-5 as set forth in Count 1 of Plaintiff's Complaint at Law.

**ANSWER:  Home Depot restates and realleges its answers to paragraphs 1-5 set forth in Count I of Plaintiff's Complaint.**

6. That at said time and place, there existed the Restatement (Second) of Torts, Section 343 that states in pertinent part:

> "A possessor of land is subject to liability for physical harm caused to his invoices by a condition on the land if, but only if, he knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and should expect that they will

not discover or realize the danger, or will fail to protect themselves against it, and fails to exercise reasonable care to protect them against the danger."

The restatement (Second) of Torts, Section 343 has been adopted by the Illinois Supreme Court and Illinois Appellate Court

**ANSWER:** **Home Depot admits that Restatement (Second) of Torts Section 343 contains the words set out by Plaintiff in paragraph 6, but denies that the form they are set out in is correct. Further answering, Home Depot denies that the elements necessary for liability under section 343 are met.**

7. That at the aforementioned time and place, and prior thereto, there existed a dangerous condition on the property that was owned and under the control of The Home Depot Defendants, where a pallet jack was improperly placed among display items.

**ANSWER:** **Home Depot denies the allegations contained in paragraph 7.**

8. That at the aforesaid time and place, and prior thereto, The Home Depot Defendants had a duty to exercise reasonable care in the occupancy, possession, management and control of said premises, so as to prevent injury and harm to the Plaintiff, resulting from hazardous conditions and/or unsafe activities taking place at the premises.

**ANSWER:** **Home Depot admits only to those duties imposed upon it under the law. To the extent that the allegations of paragraph 8 do not allege a duty found under the law, Home Depot denies same.**

6

9. That despite the aforementioned duty, Defendant, then and there committed one or more of the following careless and negligent acts and/or omissions:

   a. Carelessly, negligently and improperly operated, managed, controlled, and/or maintained said premises;

   b. Carelessly, negligently and improperly placed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   c. Carelessly, negligently and improperly allowed equipment, specifically a pallet jack, in an area which The Home Depot Defendants knew or should have known that individuals, including the Plaintiff, would be present;

   d. Failed to block off or otherwise prevent Plaintiff from traversing the aforesaid area.

   e. Carelessly and negligently failed to warn individuals, including the Plaintiff, of the dangerous condition at aforesaid premises;

   f. Allowed and permitted a dangerous condition to exist at the aforesaid premises;

   g. Carelessly, negligently and improperly failed to inspect said premises;

   h. Carelessly, negligently and improperly failed to remove a pallet jack from a location where it extended into shopping areas or to take remedial measures as were reasonably necessary to prevent injury to the Plaintiff and other persons lawfully thereon;

   i. Carelessly and negligently permitted a dangerous condition to remain in an area where it was likely to be encountered by shoppers;

   j. Carelessly, negligently and improperly exercised reasonable care to protect those lawfully on the premises;

   k. Carelessly and negligently failed to abide by and enforce a rule requiring pallet jacks to be returned to their designated are after use;

   l. Was otherwise careless or negligent;

**ANSWER:** **Home Depot denies the allegations contained in paragraph 9, including subparagraphs a. through l.**

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Plaintiff, SUZANNE BARNUM, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned.

**ANSWER:** **Home Depot denies the allegations contained in paragraph 10.**

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

## COUNT III

1. – 7. The allegations of Count III are not alleged against Home Depot and therefore no response is required. To the extent any response is required, Home Depot denies those allegations.

## AFFIRMATIVE DEFENSES

Defendants, Home Depot U.S.A., Inc., sued individually and as, Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC,

and Home Depot Special Services, Inc., hereinafter collectively referred to as "Home Depot,", by and through its attorneys, McVey & Parsky, LLC, and pleading in the alternative, and without prejudice to any of its answers given above, for their Affirmative Defenses, hereby states as follows:

### First Affirmative Defense: Contributory Fault

1. The Plaintiff's alleged damages and injuries were caused, in whole or in part, by Plaintiff's own negligence in failing to take reasonable care for her own safety and/or the safety of others.

2. Accordingly, pleading in the alternative and without waiving any answers or denials herein, the Defendant, HOME DEPOT U.S.A., INC. states that any judgment entered against it on behalf of or in favor of the Plaintiff shall be reduced by the percentage of negligence attributable to Plaintiff in causing the alleged damages and injuries, and if that percentage of liability is found by the trier of fact to be greater than 50%, Plaintiff's claim against Home Depot shall be barred in accordance with 735 ILCS § 5/2-1116.

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

### Second Affirmative Defense: Third Party Liability

1. If the Plaintiff sustained any injuries as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom Defendant did not and was not obligated to exercise supervision or control.

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

**Third Affirmative Defense: Open and Obvious Danger**

1. In the Complaint, the Plaintiff claims that Home Depot allowed a dangerous condition to exist on its property, failed to protect against it and failed warn the Plaintiff of its existence.

2. Upon information and belief, any danger associated with the condition was easily observable.

3. There is no duty to warn of dangers that are generally appreciated by the public.

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's

Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

**Fourth Affirmative Defense: Assumption of the Risk**

1. Upon information and belief, the condition complained of by the Plaintiff required the Plaintiff to exercise reasonable care.

2. Upon information and belief, if the plaintiff had exercised reasonable care, she would have appreciated the hazards associated with the condition.

3. Upon information and belief, Plaintiff appreciated the condition, and assumed the risk of negotiating the any dangerous condition on the property.

WHEREFORE, Defendants, Home Depot U.S.A., Inc., sued individually and as Home Depot U.S.A., Inc. doing business as The Home Depot, Home Depot Product Authority, LLC, and Home Depot Special Services, Inc., pray that this honorable Court will enter a judgment in its favor and against the Plaintiff dismissing the Plaintiff's Complaint with prejudice and awarding such other relief as the Court may deem necessary and proper.

This Defendant hereby demands trial by jury.

    Respectfully submitted,

/s/ Benjamin J. Galloway
One of the attorneys for Defendant,
Home Depot U.S.A., Inc.
ARDC No. 6281433
Email: bjg@mcveyparsky-law.com

McVey & Parsky, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130

**CERTIFICATE OF SERVICE**

The undersigned attorney certified that on December 14, 2015, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Illinois using the electronic case filing system of the court. The electronic case filing system generated a notice which was sent to all attorneys of record in this matter.

Respectfully submitted,

/s/ Benjamin J. Galloway